USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/1/19

**Davis Polk**

New York
Northern California
Washington DC
São Paulo
London

Paris
Madrid
Hong Kong
Beijing
Tokyo

ENDORSEMENT

*The referenced stipulations are So-Ordered.*

*Naomi Reice Buchwald*
*USDJ*

*July 1, 2019*

Paul S. Mishkin

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017

212 450 4292 tel
paul.mishkin@davispolk.com

June 27, 2019

Re: *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, Master File No. 11-md-2262-NRB, *The Berkshire Bank, et al. v Bank of Am Corp., et al*, No. 12-cv-5723-NRB ("*Berkshire*"), *The Charles Schwab Corp., et al. v. Bank of Am., Corp., et al.*, No. 13-cv-7005-NRB ("*Schwab*"), *Fed. Deposit Ins. Corp. as Receiver for 38 Closed Banks v. Bank of Am. Corp., et al.*, 14-cv-1757-NRB, 18-cv-1540-NRB ("*FDIC*"); *Fed. Home Loan Mortg. Corp. v. Bank of Am. Corp et al.*, 13-cv-3952-NRB ("*Freddie Mac*"); *Nat'l Credit Union Admin. Bd. v. Credit Suisse Grp. AG et al.*, 13-cv-7394-NRB ("*NCUA*"); *Principal Fin. Grp., Inc. et al. v. Bank of Am. Corp. et al.*, 13-cv-6014-NRB ("*Principal Financial*"); *Principal Funds, Inc. et al. v. Bank of Am. Corp. et al.*, 13-cv-6013-NRB ("*Principal Funds*")

Via ECF and Hand Delivery

The Honorable Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Dear Judge Buchwald:

We represent the Bank of America defendants, and submit this letter motion on behalf of the plaintiffs and the remaining Defendants[1] in the *FDIC*, *Freddie Mac*, *NCUA*, *Principal Financial*, *Principal Funds*, *Schwab*, and *Berkshire* actions (the "Actions").

Following the filing of amended complaints in the *FDIC*, *Freddie Mac*, *NCUA*, *Principal Financial*, and *Principal Funds* actions after this Court's decision in *LIBOR VIII*, the parties to those actions met and conferred extensively regarding the viability of certain claims in those

---

[1] Each Defendant joins this letter to the extent (and only to the extent) that such Defendant is named in the amended complaint in a particular Action and either has not been fully dismissed from that action or there is a dispute as to whether that defendant has been fully dismissed from that action. By joining this letter, no Defendant consents to personal jurisdiction or venue in any action. Defendants expressly reserve all available defenses, including as to personal jurisdiction and venue.

Plaintiffs and certain Defendants have agreed that there are no live claims remaining as to those Defendants and, thus, those Defendants will not be moving, answering, or otherwise responding to complaints in the applicable actions at this time.

actions, whether certain allegations were authorized by the Court's ruling in *LIBOR VIII*, and when Defendants would serve answers to the operative complaints. The parties have significantly narrowed their disputes in those actions and respectfully request that the Court approve the stipulations set forth below entered into among the remaining Defendants and plaintiffs in those actions. Additionally, Defendants request, and plaintiffs do not oppose, that the Court adjourn the deadline to answer in the *Schwab* and *Berkshire* actions, consistent with the stipulations set forth below and the Court's prior orders.

**I.      The *FDIC* Action**

The FDIC and the remaining Defendants in the *FDIC* action have stipulated and agreed that:

(1) The FDIC will withdraw its April 2019 Second Amended Complaint, and its October 6, 2014 First Amended Complaint and its 2018 Complaint filed as Receiver for Doral Bank (the "Doral Complaint") will be the operative complaints.

(2) All defendants named in the Doral Complaint, other than Citibank, N.A., are dismissed from that complaint under the Court's rulings in *LIBOR VIII*. Citibank, N.A. will answer the Doral Complaint on July 29, 2019. No Defendant other than Citibank, N.A. is required to answer the Doral Complaint.

(3) Certain Defendants contend that they should be entirely dismissed from the FDIC action because of the FDIC's alleged failure to plead swap transactions with closed banks that paid interest during the alleged manipulation period and/or because the alleged forum selection clauses do not provide a basis for personal jurisdiction. These defendants will be filing today under separate cover a pre-motion letter seeking leave to move to dismiss the FDIC's claims, and the FDIC will oppose this request.

(4) The other Defendants that remain in the FDIC action will answer the FDIC's First Amended Complaint on July 29, 2019, while reserving the right to seek dismissal of some or all of the FDIC's claims at an appropriate time after answering, for example in a motion to strike, for judgment on the pleadings, or for summary judgment on the ground that they have not entered into relevant swaps with certain closed banks pursuant to the ISDA agreements referenced in the First Amended Complaint.

(5) The FDIC agrees that its claims for (a) breach of contract; (b) tortious interference with contract; (c) aiding and abetting tortious interference with contract, (d) civil conspiracy to commit tortious interference with contract; (e) tortious interference with prospective economic advantage; (f) aiding and abetting tortious interference with prospective business advantage; (g) civil conspiracy to commit tortious interference with prospective economic advantage; and (h) violations of the Donnelly Act shall be treated as dismissed, under the Court's prior rulings.[2] The FDIC also agrees that its antitrust claims against subsidiaries and affiliates of panel banks shall be treated as dismissed, as shall its antitrust claims against defendants (to the extent they have not already been dismissed for lack of personal jurisdiction) that are based on transactions

---

[2] The Defendants in the *FDIC* action will submit an additional letter reflecting in more detail the parties' agreements regarding the claims that are dismissed from the *FDIC* action against specific Defendants.

involving subsidiaries and affiliates, under the rationale of *LIBOR VIII* (except where the subsidiary and affiliate acted in an agency capacity as broker for a panel bank).

(6) The FDIC reserves all rights, including its right to appeal and to move to reinstate claims as appropriate, and Defendants reserve the right to oppose any such appeal or motion.

The FDIC and the remaining Defendants in the *FDIC* action respectfully request that the Court so-order this stipulation.

## II. The *Freddie Mac* Action

Freddie Mac and the remaining Defendants in the *Freddie Mac* action have stipulated and agreed that:

(1) Under separate cover, Freddie Mac will file today a pre-motion letter for leave to file a motion for clarification of *LIBOR VIII* to address an issue regarding the scope and effect of that decision on Freddie Mac's fraud claim. The parties have agreed that Defendants need not answer Freddie Mac's fraud claim until, if necessary at all, a reasonable time to be agreed upon by the parties after the Court resolves Freddie Mac's motion for clarification.[3]

(2) Defendants reserve all rights to oppose Freddie Mac's forthcoming pre-motion letter for leave to file a motion for clarification.

(3) Freddie Mac agrees to withdraw and refile its Third Amended Complaint by no later than July 8, 2019. The refiled Third Amended Complaint will not include certain allegations to which Defendants objected as exceeding the scope of *LIBOR VIII*. Freddie Mac withdrew those allegations for the purpose of avoiding further motion practice in this MDL. Freddie Mac reserves all rights to raise its allegations on appeal, prove them at trial, and/or otherwise put them forth as appropriate in their case. Defendants reserve their right to oppose any such appeals, proof, or attempts to reassert those allegations.

(4) The Defendants that remain in the *Freddie Mac* action will answer Freddie Mac's Corrected Third Amended Complaint on July 29, 2019.

(5) Freddie Mac agrees that its claims for (a) violations of the Sherman Act; and (b) tortious interference are dismissed against all defendants.[4]

(6) Freddie Mac reserves all rights, including its right to appeal and to move to reinstate claims as appropriate, and Defendants reserve the right to oppose any such appeal or motion.

Freddie Mac and the remaining Defendants in the *Freddie Mac* action respectfully request that the Court so-order this stipulation.

---

[3] Accordingly, Defendants as to which the fraud claim is the sole potentially remaining claim need not file any answer on July 29, 2019.

[4] The Defendants in the *Freddie Mac* action will submit an additional letter reflecting in more detail the parties' agreements regarding the claims that are dismissed from the *Freddie Mac* action against specific Defendants.

The Honorable Naomi Reice
Buchwald                                           4                           June 27, 2019

## III.  The *Principal* Actions

The plaintiffs ("Principal Plaintiffs") and remaining Defendants in the above-captioned *Principal Financial* and *Principal Funds* actions (collectively, the "*Principal* Actions") have stipulated and agreed that:

(1) The Principal Plaintiffs will refile Corrected Second Amended Complaints no later than July 8, 2019, after removing from their Second Amended Complaints the amendments in paragraphs Defendants identified to Principal Plaintiffs and contend were not authorized by the Court's rulings in *LIBOR VIII*.

(2) The remaining Defendants in the *Principal* Actions will answer the Corrected Second Amended Complaints on July 29, 2019, while reserving the right to seek dismissal of some or all of the Principal Plaintiffs' claims at an appropriate time after answering and meeting and conferring with Principal Plaintiffs, for example in a motion to strike, for judgment on the pleadings, or for summary judgment on the ground that they have not entered into relevant swaps with Principal Plaintiffs pursuant to the ISDA agreements referenced in the Second Amended Complaint.

(3) The Principal Plaintiffs agree that their claims for (a) violations of the Sherman Act; (b) violations of the Donnelly Act; (c) breach of contract and the implied covenant of good faith and fair dealing with respect to variable-rate bonds and asset-backed securities; (d) unjust enrichment claims based on asset-backed securities shall be treated as dismissed under the District Court's prior rulings.[5]

(4) The Principal Plaintiffs agree that their claims based on fraud, aiding and abetting fraud, and negligent misrepresentation by omission shall be treated as dismissed for lack of personal jurisdiction under the District Court's prior rulings, as shall all of Principal Plaintiffs' other claims that the Court previously dismissed for lack of personal jurisdiction in *LIBOR IV*.

(5) The Principal Plaintiffs agree that their contract-based swap claims premised on the transactions identified in the Exhibits attached to the Principal complaints that occurred after May 2010 shall be treated as dismissed under the District Court's prior rulings.

(6) The Principal Plaintiffs reserve all rights, including their rights to appeal any such dismissed claims or to move to reinstate certain claims as appropriate.  Defendants reserve the right to oppose any such appeal or motion.

Principal Plaintiffs and the remaining Defendants in the *Principal* Actions respectfully request that the Court so-order this stipulation.

---

[5] The Defendants in the *Principal* Actions will submit an additional letter reflecting in more detail the parties' agreements regarding the claims that are dismissed from the *Principal* Actions against specific Defendants.

The Honorable Naomi Reice
Buchwald                                        5                           June 27, 2019

## IV. The *NCUA* Action

NCUA and the remaining Defendants in the *NCUA* action (except Barclays, Citi, Deutsche Bank, and The Royal Bank of Scotland Group plc ("RBS Group")) have stipulated and agreed that:

(1) Under the Court's rulings, NCUA does not have any pending non-antitrust claims for non-swap instruments in its Kansas complaint.[6]

(2) The aforementioned Defendants in the *NCUA* action will answer the NCUA Kansas complaint on July 29, 2019, consistent with the Court's prior orders regarding coordination of answers, to the extent any claims against those aforementioned Defendants remain pending.[7]

NCUA and the aforementioned Defendants in the *NCUA* action respectfully request that the Court so-order this stipulation.

The Barclays, Citi, and Deutsche Bank Defendants and RBS Group will file a pre-motion letter concurrently with this letter, seeking leave to move to dismiss NCUA's claims on grounds of release (Barclays, Citi, and Deutsche Bank) and failure to plead a counterparty relationship (RBS Group), and therefore those Defendants will not answer NCUA's complaint until after resolution of the motion.

## V. The *Schwab* and *Berkshire* Actions

Plaintiffs and the remaining Defendants in the *Schwab* and *Berkshire* actions agree, consistent with the Court's prior orders regarding coordination of answers, to adjourn the deadline to answer the complaints in the *Schwab* and *Berkshire* actions to July 29, 2019.

\*   \*   \*

We respectfully request that the Court so-order the stipulations set forth above.

Respectfully yours,

/s/ Paul S. Mishkin
Paul S. Mishkin
*Counsel for the Bank of America Defendants
and Liaison Counsel for Defendants*

---

[6] Defendants in the *NCUA* Action will submit an additional letter reflecting in more detail the parties' agreements regarding the claims that are dismissed from the *NCUA* Action against specific Defendants.

[7] The parties reserve their rights with respect to NCUA's pending Motion for Exclusion from Class Settlements in which it requests to be excluded from the OTC settlements and litigation classes. No. 11-md-02262-NRB, ECF No. 2826-1 (Mar. 4, 2019).

The Honorable Naomi Reice
Buchwald                                6                                June 27, 2019

/s/ James R. Martin
James R. Martin
*Counsel for the Federal Deposit Insurance Corporation
and the Federal Home Loan Mortgage Corporation and
Liaison Counsel for the Direct Action Plaintiffs*

cc: All parties via ECF