
1775 PENNSYLVANIA AVENUE NW, SUITE 375　　　　　　　　　　　　　　　　　　　　　　　JAMES R MARTIN
WASHINGTON, DC 20006　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　jmartin@zelle.com
(202) 899-4100 MAIN　　(612) 336-9100 FAX　　　　　　　　　　　　　　　　　　　　　　(202) 899-4101

July 27, 2020

VIA ECF

The Honorable Naomi Reice Buchwald
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      RE:    *In re LIBOR-Based Financial Instruments Antitrust Litig.*,
              Case No. 11-md-2262 (S.D.N.Y.)

Dear Judge Buchwald:

      I write on behalf of the Federal Deposit Insurance Corporation as Receiver for 39 Closed Banks ("FDIC-R") regarding the FDIC-R's request for entry of stipulated orders of dismissal for 19 of 39 receiverships for which the FDIC-R asserted claims in two complaints, the *Doral* and *Amcore* cases. ECF Nos. 3118, 3120.

      On July 7, 2020, the Court expressed its concern that the stipulations were part of an "effort to manipulate the final judgment rule" to create appealable judgments. Transcript of Hearing at 2-3 (attached as Exhibit A). The Court said it did not intend to sign the stipulations but "If I have misunderstood the import of these documents, I will certainly reconsider." *Id.* at 3. The Court asked that any response to the Court's concern be submitted in writing. *Id.* For the reasons set forth below, I respectfully ask the Court to reconsider and sign the proposed stipulated orders.

      At the outset, I can reassure the Court that the stipulations have nothing to do with manufacturing appealable judgments. The purpose of the stipulations was to streamline the FDIC-R's case by withdrawing claims asserted by 19 receiverships with relatively lower damages so that the Court and parties could focus their attention and resources on the remaining 20 receiverships with more significant damages. The proposed stipulations were negotiated at arm's length with the relevant defendants (those that served Answers), each of which agree that the proposed stipulations would not form the basis of an appeal of this Court's rulings as of right for the 19 receiverships.[1]

---

[1] I have confirmed this statement with Defendants' Liaison Counsel.

At the July 7 hearing, the Court stated its view that Notices of Dismissal the FDIC-R filed on behalf of the 19 receiverships for claims asserted against non-Answering Defendants [ECF Nos. 3117, 3119], coupled with the proposed stipulated orders, would create appealable judgments. *Id.* at 2. In other words, by dismissing the surviving claims of the 19 receiverships through the stipulated orders, the FDIC-R could then seek entry of final appealable judgments on the claims the Court dismissed in *LIBOR IV* and *VI*. I understand the Court's concern but submit that it does not apply here for several reasons.

First, with regard to the *Amcore* Complaint, the FDIC-R could not seek entry of final judgment for just some of the 38 receiverships named in that Complaint because those dismissals would not terminate the entire action. *See, e.g., Gelboim v. Bank of America Corp., et al.*, 574 U.S. 405, 409 (2015) (appellate court jurisdiction pursuant to 28 U.S.C. § 1291 requires a "final decision" that "terminate[s] an action").

Second, as an independent reason, the FDIC-R could not seek entry of final judgment from Notices of Dismissal filed pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) because those dismissals do not arise from the Court's decisions in *LIBOR IV* and *VI*. Federal Rule of Civil Procedure 58(b)(1)(C) permits entry of an appealable final judgment when the "court denies all relief." But by voluntarily dismissing claims against those non-Answering Defendants, the FDIC-R gave up its ability to seek entry of such an appealable final judgment for those 19 receiverships.

Finally, even if one assumed *arguendo* that the FDIC-R did not file the Notices of Dismissal as described in the prior paragraph, the FDIC-R would still be precluded from pursuing an appeal because the stipulated orders of dismissal are without prejudice. The Second Circuit has held that a plaintiff may seek to appeal a set of dismissed claims only if the plaintiff dismisses any surviving claims **with** prejudice. In *Chappelle v. Beacon Commc'ns. Corp.*, 84 F.3d 652, 653–54 (2d Cir. 1996), for example, a plaintiff sought to appeal a district court's adverse ruling dismissing certain claims by voluntarily dismissing its surviving claims without prejudice. The Second Circuit declined appellate jurisdiction because dismissals without prejudice do not "preclude another action on the same claims." The Second Circuit held that "a plaintiff who is permitted to appeal following a voluntary dismissal without prejudice will effectively have secured an otherwise unavailable interlocutory appeal." *Id.* at 654.

Notably, the same rule does not apply for voluntary dismissals with prejudice. *Rabbi Jacob Joseph School v. Province of Mendoza*, 425 F.3d 207, 210 (2d Cir. 2005). In that situation, "[i]mmediate appeal is available to a party willing to suffer voluntarily the district court's dismissal of the whole action with prejudice" because a "party who loses on a dispositive issue that affects only a portion of his claims may elect to abandon the unaffected claims, invite a final judgment, and thereby secure review of the adverse ruling[s]." *Id.*

Here, the FDIC-R seeks to dismiss without prejudice to avoid any question that the 19 dismissed receiverships may participate in any settlements of class claims. One could

theoretically argue that by dismissing with prejudice, those 19 receiverships effectively would waive their right to participate in the class settlement by choosing to release their claims through their own lawsuits. To avoid that risk, the stipulations recite "The FDIC-R reserves all rights to make claims as Receiver for the Dismissing Receiverships as a class member in any future class settlements in the above-captioned MDL litigation as appropriate." ECF No. 3120 at ¶ 3. In addition, the FDIC-R wishes to preserve its rights in the event that circumstances warrant re-filing claims for one or more receiverships.

     Ultimately, if the FDIC-R had hoped to perfect an appeal of the Court's prior rulings, it could have attempted to do so only through the *Doral* complaint and, even then, only by (1) standing on the Court's prior dismissal rulings in favor of the Answering Defendants rather than filing notices of voluntary dismissal of those claims and (2) styling its stipulated order to dismiss its surviving claim against Citibank, N.A. with prejudice. Accordingly, I respectfully ask the Court to sign the stipulated orders.

Respectfully,

*/s/ James R. Martin*
James R. Martin


cc: All Counsel (via ECF)