# Exhibit A

K77sINRc

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

IN RE LIBOR-BASED FINANCIAL INSTRUMENTS
ANTITRUST LITIGATION

                                    11 MD 2262 (NRB)

------------------------------x

                                    New York, N.Y.
                                    July 7, 2020
                                    12:00 p.m.

Before:

               HON. NAOMI REICE BUCHWALD,

                                    District Judge

                    APPEARANCES

ZELLE LLP
     Attorneys for Plaintiff
BY:  JAMES R. MARTIN

DAVIS POLK & WARDWELL, LLP
     Attorneys for Defendants
BY:  PAUL MISHKIN
     ADAM MEHES

K77sINRc

1          (The Court and all parties appearing telephonically)

2          THE COURT:  Good afternoon.  I guess counsel would

3    like to make a record that they are on this call.  Perhaps you

4    can all state your name.  I'm more concerned with who, if

5    anyone, intends to speak.

6          MR. MISHKIN:  Good afternoon, your Honor.  Paul

7    Mishkin from Davis Polk & Wardwell, LLP, for the Bank of

8    America defendants.  My colleague, Adam Mehes, is also on the

9    line.

10          THE COURT:  OK.

11          MR. MARTIN:  Your Honor, this is James Martin from

12    Zelle, as requested.

13          THE COURT:  OK.  Anybody else who wishes to identify

14    themselves is welcome to.

15          What I have to say is fairly short, but I wanted to

16    deliver it in person, in a sense.

17          Anyway, the reason for this conference call relates

18    to the notices of voluntary dismissal and stipulations in

19    connection with those notices.  As I read those documents, if

20    I signed the stipulations, they would create appealable

21    judgments.  On any issue that was appealed, if my decision on

22    that issue was reversed, as written, the entire case would be

23    live on remand; namely, the combination of the reversal and the

24    additional claims that were withdrawn only without prejudice.

25          The bottom line is, from my perspective, that this is

1   an effort to manipulate the final judgment rule and avoid

2   Rule 54(b) and 1290 to recertification.  As such, I don't

3   intend to sign them.

4          If I have misunderstood the import of these documents,

5   I will certainly reconsider.  I would request, however, that

6   any submission be in writing.  I don't really have anything

7   else to say, but I don't want to stop anybody else from

8   speaking.

9          MR. MARTIN:  Your Honor, this is James Martin at

10  Zelle.

11         Did you want me to explain what the purpose of these,

12  or did you want me to respond to you in writing?

13         THE COURT:  I think you need to, in a sense, talk me

14  off the cliff.

15         MR. MARTIN:  OK.  I hope I can do that.

16         Until you have said what you just said, it had not

17  occurred to me that these could even be viewed as an effort to

18  evade the final judgment rule.  For the end course of

19  dismissals, first of all, we would have to ask --

20         THE COURT:  You would have to dismiss the other claims

21  with prejudice, Mr. Martin.  I might accept what you're saying,

22  but the fact that they all are without prejudice leads to the

23  precise situation that I have described.

24         MR. MARTIN:  OK.

25         THE COURT:  Listen, we've had two prior experiences in

1   this case that have certainly put me -- made me quite weary

2   when I receive documents like this.  OK?

3           I don't mean you, Mr. Martin.  I just mean within the

4   case over the many years that we've all been together.  OK?

5           MR. MARTIN:  I understand.  I do understand.  I mean,

6   that hadn't occurred to me.  I'm glad you said it.

7           THE COURT:  I think these documents were drafted quite

8   carefully.

9           MR. MARTIN:  Just so you understand, the purpose of

10  these were to streamline the case for the FDIC to identify

11  those banks where there are damages, but the value of those

12  damages as compared to the cost of going forward for them, made

13  them, you know, to put aside and to streamline the case.

14          THE COURT:  Well, there is a very simple way to do

15  that.  That is called stipulations of dismissal, period.

16          I certainly don't want to stop you from doing that.

17  I've yet not to sign a stipulation of dismissal with prejudice.

18          Very good.  Thank you, all.

19          MR. MARTIN:  Understood.  Thank you.

20          (Adjourned)

21

22

23

24

25