

1775 PENNSYLVANIA AVENUE NW, SUITE 375
WASHINGTON, DC 20006
(202) 899-4100 MAIN     (612) 336-9100 FAX

JAMES R MARTIN
jmartin@zelle.com
(202) 899-4101

September 2, 2020

VIA ECF

The Honorable Naomi Reice Buchwald
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      RE:    *In re LIBOR-Based Financial Instruments Antitrust Litig.*,
              Case No. 11-md-2262 (S.D.N.Y.)

Dear Judge Buchwald:

      I write on behalf of the Federal Deposit Insurance Corporation as Receiver for 39 Closed Banks ("FDIC-R") in response to the Court's August 24, 2020 letter. In that letter, the Court wrote that it remained disinclined to "so order" the Stipulations of Voluntary Dismissal because my explanation of intent did not "line up well" with the Stipulations. ECF Nos. 3118, 3120. The Court asked several questions, which I answer below.

      First, in response to my statement that the FDIC-R wished to avoid any question that the 19 dismissed receiverships ("Dismissed Receiverships") may participate in future settlements of class claims, the Court asked which class claims to which I was referring. The referenced classes are the OTC, Lender, Bondholder, and Green Pond classes. None of the receiverships are members of the Exchange-Based Plaintiffs class.

      My concern may be illustrated in the following example. Assume for the sake of discussion that the Dismissed Receiverships dismissed their claims with prejudice and, later, one of the classes reached a settlement. An objector or settlement administrator could argue that the Dismissed Receiverships should be barred from participating in that settlement because the prior dismissals released the same claims being asserted by the class. *See, generally, Chase Manhattan Bank, N.A. v. Celotex Corp.*, 56 F.3d 343, 345 (2d Cir. 1995) ("voluntary dismissal with prejudice is an adjudication on the merits for purposes of *res judicata*."); *Jackson v. Caribbean Cruise Line, Inc.*, No. 14-cv-02485 (ADS)(AKT), 2017 WL 9482238, at *4 (E.D.N.Y. Jan. 21, 2017) ("As [plaintiff's] claims are dismissed with prejudice, he may not bring these claims elsewhere, whether in his individual capacity or as a class member."). By dismissing without prejudice, the Dismissed Receiverships would avoid that risk.

Second, the Court asked whether the FDIC-R intended to waive the ability of the Dismissed Receiverships "to participate in any settlement of the cases brought by the FDIC as Receiver." The answer is that it depends on timing.

If, at the time of settlement discussions with a defendant, the Dismissed Receiverships had already participated in a class settlement with that defendant, then the Dismissed Receiverships will have already released the claims asserted by the settling class. *See, e.g.,* Final Judgment and Order of Dismissal with Prejudice Granting Final Approval of Settlement Between Lender Plaintiffs, JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A., et al., ECF No. 3097 (dismissing claims asserted in settlement class with prejudice as to settling defendants). In that regard, the FDIC-R intends to waive the ability of the Dismissed Receiverships to participate in any settlement of cases brought by the FDIC-R. For example, the Dismissed Receiverships did not seek exclusion from the Green Pond class. As a result, the Dismissed Receiverships have released the claims asserted in that case against those settling defendants.

If, on the other hand, the FDIC-R engages in settlement discussions with a defendant before the Dismissed Receiverships participate in any class settlements with that defendant, the FDIC-R would expect the defendant to seek a release from the Dismissed Receiverships. In that respect, the Dismissed Receiverships might participate in any settlement of the cases brought by FDIC-R.

I am available to respond to any further questions.

Respectfully,

*/s/ James R. Martin*
James R. Martin


cc:  All Counsel (via ECF)