1271 Avenue of the Americas
New York, New York  10020-1401
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Moscow |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | San Diego |
| Düsseldorf | San Francisco |
| Frankfurt | Seoul |
| Hamburg | Shanghai |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

# LATHAM&WATKINS LLP

May 6, 2022

**VIA ECF and FedEx**

Honorable Naomi Reice Buchwald
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 11-md-2262-NRB; *Fed. Deposit Ins. Corp. as Receiver for Amcore Bank, et al. v. Bank of Am. Corp., et al.*, 14-cv-1757-NRB

Dear Judge Buchwald:

Pursuant to Rule 2.B. of Your Honor's Individual Practices, we write on behalf of the British Bankers' Association, BBA Enterprises Ltd., and BBA LIBOR Ltd. (collectively, the "BBA") in response to the letter filed by the Federal Deposit Insurance Corporation ("FDIC") seeking leave to move for reconsideration of "the Court's dismissal of FDIC-R's state law fraud and conspiracy, and federal antitrust, claims" against the BBA.  ECF No. 3389 at 1.

This Court dismissed all of the FDIC's claims against the BBA on personal jurisdiction and/or merits grounds in *LIBOR IV*, 2015 WL 6243526, at *38, *61, *85 (S.D.N.Y. Oct. 20, 2015), and *LIBOR VI*, 2016 WL 7378980, at *5, *12 (S.D.N.Y. Dec. 20, 2016), and denied the FDIC leave to amend its complaint in *LIBOR VIII*, 2019 WL 1331830, at *11, *15-16 (S.D.N.Y. Mar. 25, 2019).  The FDIC does not specify which opinion(s) it seeks reconsideration of, nor does it specify whether its request pertains to the Court's jurisdictional rulings and/or its rulings on the merits.[1]  The FDIC states two purported bases for reconsideration:  the Second Circuit's decisions in *Berkshire Bank v. Lloyds Banking Group plc, et al.*, No. 20-1987, 2022 WL 569819 (2d Cir. Feb. 25, 2022) (summary order) ("*Berkshire*"), and *Schwab Short-Term Bond Market Fund v. Lloyds Banking Group PLC*, 22 F.4th 103 (2d Cir. 2021) ("*Schwab II*"), both of which the FDIC contends merit reconsideration.  The Court should deny leave.

First, the FDIC has not articulated a valid basis for reconsideration.  Reconsideration is "an extraordinary remedy to be employed sparingly, given the interests of finality and conservation of scarce judicial resources."  *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 27 F. Supp. 3d 447, 457 (S.D.N.Y. 2014) (Buchwald, J.) (internal quotation marks omitted) (citing cases).

---

[1] Insofar as the FDIC refers only to "federal antitrust claims," ECF No. 3389 at 1, it does not appear to seek reconsideration of the Court's dismissal of its state law antitrust claims under the Donnelly Act.

LATHAM&WATKINS LLP

Reconsideration should be granted only if there is "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks and citations omitted). The FDIC's request cannot meet that standard.

The FDIC's principal basis for reconsideration is the Second Circuit's summary order in *Berkshire*—a case to which the FDIC was not a party and which did not address the FDIC's claims, but which the FDIC asserts "constitutes an intervening change in controlling law." ECF No. 3389 at 1. It is well established in this Circuit that a summary order like *Berkshire* has no "precedential effect." 2D CIR. LOCAL CIV. R. 32.1.1(a); *see also Bais Yaakov of Spring Valley v. Educ. Testing Serv.*, 251 F. Supp. 3d 724, 733-34 (S.D.N.Y. 2017). It is equally well established that such a summary order "*cannot serve as the basis for reconsideration*" because it does not constitute an intervening change of controlling law. *King Cty., Wash. v. IKB Deutsche Industriebank AG*, 863 F. Supp. 2d 317, 323 (S.D.N.Y. 2012) (emphasis added); *see also Hastings Dev., LLC v. Evanston Ins. Co.*, No. 14CV6203ADSAKT, 2016 WL 3632708, at *4 (E.D.N.Y. June 29, 2016) (collecting cases denying motions for reconsideration based on summary orders); *No Hero Enters. B.V. v. Loretta Howard Gallery Inc.*, No. 13 CIV. 8464 (GHW), 2014 WL 10936545, at *1 (S.D.N.Y. May 28, 2014) (denying motion for reconsideration where summary order has "no precedential effect . . . much less 'controlling' implications"). *Berkshire*, therefore, cannot justify reconsideration of this Court's dismissal of the FDIC's claims against the BBA.

The FDIC's passing reference to *Schwab II*—another case to which the FDIC was not a party and which did not address the FDIC's claims—fares no better. The FDIC does not even *claim* that *Schwab II* "constitutes an intervening change of controlling law" that justifies reconsideration. *See* ECF No. 3389 at 1, 3. And the FDIC's argument that under *Schwab II*, the BBA "forfeited" the ability to argue before this Court that it is not a plausibly alleged member of an alleged LIBOR suppression conspiracy is neither relevant to the FDIC's present request nor supported by the authorities it cites. *Id.* at 3. *Schwab II*'s forfeiture ruling was plainly limited to the arguments presented to the appellate court in that specific appeal. *See* 22 F.4th at 123 n.8. By contrast, in the action brought by the FDIC, the BBA *already argued* to this Court that the BBA is not a plausibly alleged member of the conspiracy, and the Court reaffirmed its dismissal of the FDIC's claims against the BBA on that basis in *LIBOR VIII*. *See* 2019 WL 1331830, at *15. That ruling is the law of the case in relation to the FDIC's claims, and the FDIC has not articulated a valid basis to reconsider it.[2]

Second, the FDIC's request is untimely. The FDIC's bid for reconsideration comes more than four months after *Schwab II* and more than two months after *Berkshire*—well past the fourteen-day reconsideration deadline prescribed by Local Rule 6.3. *See* S.D.N.Y. LOCAL CIV. R. 6.3 (a notice of motion for reconsideration of a court order shall be served within fourteen days

---

[2] The FDIC purports to find support for its argument in *North River Insurance Company v. Philadelphia Reinsurance Corporation*, 63 F.3d 160 (2d Cir. 1995). ECF No. 3389 at 3. But as the FDIC acknowledged in its letter, *North River* stands for the proposition that "a legal decision made at one stage of litigation, unchallenged in a subsequent appeal when the opportunity to do so existed, becomes the law of the case." 63 F.3d at 164 (internal quotation marks and citation omitted). If relevant at all, *North River* compels the opposite result from the one urged by the FDIC because the Court's *LIBOR VIII* ruling was unchallenged by plaintiffs in the *Schwab II* appeal.

LATHAM&WATKINS LLP

after the entry of such order). Local Rule 6.3 still applies where the basis for reconsideration is an intervening change of law that occurs *after* the fourteen-day deadline has passed. *Commerzbank A.G. v. U.S. Bank N.A.*, No. 16CV4569 (DLC), 2022 WL 884968, at *3 (S.D.N.Y. Mar. 25, 2022) (citing to S.D.N.Y. LOCAL CIV. R. 6.3) (rejecting argument that Local Rule 6.3 does not apply to motions for reconsideration based on intervening changes of law because "[n]othing in the text of [Local Rule 6.3] contains any such exclusion"). "At most, Rule 6.3's fourteen-day clock might restart when an intervening change in law occurs." *Id.* (citing to *Palin v. N.Y. Times Co.*, 482 F. Supp. 3d 208, 224 n.15 (S.D.N.Y. 2020)) (denying motion for reconsideration filed sixteen days after the claimed intervening change of law as untimely "under even the most generous interpretation of Rule 6.3"). The FDIC's request, filed over two months after the purported change in law, is likewise untimely.

Third, the FDIC's claims should remain dismissed on alternative grounds. The grounds for dismissal set forth in the BBA's letter to the Court regarding the Bay Area Toll Authority ("BATA") action apply with even greater force to the FDIC's claims. *See* ECF No. 3369 at 2-3. The FDIC's claims should be dismissed, among other reasons, for lack of a statutory basis for jurisdiction, and for *forum non conveniens*—particularly given that the FDIC has *already* availed itself of an alternative forum and has been pursuing similar claims before the English courts since 2017. *Id.* at 3. The FDIC's federal antitrust claims also fail on efficient enforcement grounds to the extent any of the Closed Banks did not transact with the BBA or with the bank defendants, and therefore did not suffer any antitrust injury that was proximately caused by the alleged conspiracy. *See Schwab II*, 22 F.4th at 114.

The FDIC's proposed motion, the BBA's opposition, and the BBA's alternative arguments for dismissal would substantially overlap with the BBA's motion to dismiss the BATA action. The Court's disposition of the impact of *Schwab II* and *Berkshire* may also have broader implications in this MDL, insofar as other Plaintiffs may intend to bring similar requests in relation to their claims against the BBA, or the FDIC (or other Plaintiffs) intend to do so in relation to other claims or parties. To that end, the parties in the MDL are already working to propose to the Court a case management schedule which includes a process for resolving any disputes about what claims, and against what parties, are currently live. *See* ECF Nos. 3380, 3386. The BBA is prepared to address the FDIC's reconsideration request and the dismissal of the BATA action on any timeline and with any haste the Court considers appropriate. However, the BBA respectfully submits that it should not be forced to litigate, and the Court should not be asked to resolve, these issues in a piecemeal or repetitive fashion. Thus, to the extent the Court is inclined to grant the FDIC leave to move for reconsideration, the BBA respectfully requests that it order that the BBA, the FDIC, and BATA negotiate a consolidated briefing schedule for addressing these motions.

Finally, the BBA renews its request that all discovery against it remain stayed pending the Court's disposition of these issues. *See* ECF No. 3380 at 1 n.2. The Court already so-ordered such a stay in the BATA action, ECF No. 3371, and the BBA respectfully requests that it do the same here.

We thank the Court for its consideration of this matter and would welcome the opportunity to address any questions the Court may have.

LATHAM&WATKINS LLP

                                                            Respectfully submitted,

                                                            /s/ Richard D. Owens
                                                            Richard D. Owens
                                                            Of LATHAM & WATKINS LLP

cc: All Counsel of Record (via CM/ECF)