

1775 PENNSYLVANIA AVENUE, NW, SUITE 375　　　　　　　　　　　　　　　　　　　　　　　　　　JAMES R. MARTIN
WASHINGTON DC  20006　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　JMartin@zellelaw.com
(202) 899-4100 MAIN    (612) 336-9100 FAX　　　　　　　　　　　　　　　　　　　　　　　(202) 899-4101 DIRECT

November 3, 2022

The Honorable Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

   RE:  *In re LIBOR-Based Financial Instruments Antitrust Litig.*, No. 11-md-2262-NRB

Dear Judge Buchwald:

  We write on behalf of the Federal Deposit Insurance Corporation as Receiver for 20 Closed Banks ("FDIC-R") pursuant to Rule 2.B of the Court's Individual Rules and Procedures for Civil Cases, and the Court's letter dated October 21, 2022 (ECF No. 3565),[1] to request that this Court reinstate Counts XIII (Fraud), XIV (Aiding and Abetting), XV (Civil Conspiracy to Commit Fraud), and XXIII (Sherman Act Section 1) of its Amended Complaint ("FDIC-R's Claims") against seven foreign panel bank Defendants ("Seven Panel Banks").[2] ECF No. 22, Case 1:14-cv-01757-NRB.  Two Second Circuit rulings in this litigation -- *Schwab Short-Term Bond Mkt. Fund v. Lloyds Banking Grp. PLC* ("*Schwab II*"), 22 F.4th 103 (2d Cir. 2021), and *Berkshire Bank v. Lloyds Banking Grp. plc, et al.,* 20-1987-cv, 2022 WL 569819 (2d Cir. Feb. 25, 2022) ("*Berkshire*") -- held that plaintiffs in more than 20 cases in this MDL sufficiently alleged overt acts in furtherance of a suppression conspiracy in this District to make a *prima facie* showing of personal jurisdiction.  *Schwab II* and *Berkshire* require reinstatement of the FDIC-R's Claims because, analyzing the same facts that the FDIC-R is alleging and the same evidence upon which the FDIC-R is relying, the Second Circuit resolved in favor of plaintiffs the identical question that formed the basis for the Court's dismissal of the FDIC-R's Claims.

  The FDIC-R's Claims, along with the claims of the *Schwab II* appellants, were dismissed for lack of personal jurisdiction in *LIBOR IV*, which rejected the conspiracy theory of personal jurisdiction because it found that no plaintiff plausibly alleged the first element of that theory --

---

[1] In its letter dated October 21, 2022, the Court directed the FDIC-R to file this renewed pre-motion letter and to cite "chapter and verse" of the Court's prior rulings and the portion of the Second Circuit's opinions which the FDIC contends requires reconsideration."  ECF No. 3565.  That detail is provided below and in the attached Appendix of Relevant Personal Jurisdiction Rulings.

[2] Barclays Bank plc, Coöperatieve Rabobank U.A., Deutsche Bank AG, Bank of Scotland plc, Lloyds Bank plc, Royal Bank of Scotland plc, and UBS AG.  No other panel bank Defendant disputes that this Court has personal jurisdiction over the FDIC-R after the Second Circuit's *Schwab II* and *Berkshire Bank* rulings, nor do these seven banks dispute the issue with respect to other plaintiffs in the submission that is before the Court.  *See* ECF 3501-1.

The Honorable Naomi Reice Buchwald
November 3, 2022
Page 2

the existence of a persistent suppression conspiracy.[3] *In re LIBOR-Based Financial Instruments Antitrust Litig. ("LIBOR IV")*, No. 11 MDL 2262 (NRB), 2015 WL 6243526, at *20, *29, *38 (S.D.N.Y. Oct. 20, 2015). After the Second Circuit reversed that finding in *Gelboim v. Bank of Am. Corp.*, 823 F.3d 759 (2d Cir. 2016), *LIBOR VI* revisited the conspiracy theory of personal jurisdiction in the context of federal antitrust claims. *In re LIBOR-Based Financial Instruments Antitrust Litig.*, No. 11 MDL 2262 (NRB), 2016 WL 7378980 (S.D.N.Y. Dec. 20, 2016). Following consolidated briefing of the jurisdictional question, *LIBOR VI* found that every plaintiff failed to plausibly allege the third element of the conspiracy theory, "that any defendant committed an act in furtherance of the conspiracy in or directed at the United States." *Id.* at *3. Accordingly, the Court dismissed the antitrust claims against all foreign defendants for lack of personal jurisdiction. Two plaintiff groups (the *Schwab* plaintiffs and the Bondholder plaintiffs) appealed as of right. Several other plaintiff groups joined them via Fed. R. Civ. Proc. 54(b). In *Schwab II*, the Second Circuit reversed the holding in *LIBOR VI* that appellants failed to plausibly allege overt acts in furtherance of the conspiracy in the United States and reinstated federal antitrust claims against the foreign defendants. *Schwab II*, 22 F. 4th at 125. Specifically, the Second Circuit found the facts alleged -- specifically that executives and managers of the Defendant banks directed, from the United States, their subordinates to manipulate LIBOR -- supported the overt acts in the United States. *Id.* at 123.

While *Schwab II* was pending, this Court issued another ruling applying the reasoning of *LIBOR VI* to state law fraud and conspiracy claims alleged by, *inter alia*, the FDIC-R and Lender Plaintiffs. *In re LIBOR-Based Financial Instruments Antitrust Litig.*, No. 11 MDL 2262 (NRB), 2017 WL 532465 (S.D.N.Y. Feb. 2, 2017). The Court declined to reinstate those claims against the foreign panel bank defendants because "there is no basis to alter *LIBOR VI*'s holding on conspiracy jurisdiction, and thus no basis to reconsider the corresponding holding in *LIBOR IV*." *Id.* at *3. After settling with the domestic defendants, the Lender Plaintiffs appealed as of right. *Berkshire*, 2022 WL 569819 at *1. In *Berkshire*, the Second Circuit extended *Schwab II* to state-law fraud and conspiracy-based claims, holding that the same allegations that the *Schwab II* Court relied on were sufficient to "satisfy the requirements of personal jurisdiction both under principles of due process and under New York's long-arm statute" because the evidence demonstrated that the Defendant bank executives were not only in the United States, but specifically in New York. *Berkshire*, 2022 WL 569819 at *4. The cases in those appeals have been remanded to the MDL for further proceedings consistent with the appellate decisions.[4]

*Schwab II* and *Berkshire* require reinstatement of the FDIC-R's Claims because they considered the same factual allegations alleged by the FDIC-R and reversed the same series of

---

[3] The Court applied its jurisdictional rulings to the Lender Plaintiffs in *LIBOR V*. *In re LIBOR-Based Financial Instruments Antitrust Litig.*, No. 11 MDL 2262 (NRB), 2015 WL 6696407, at *8, *18 (S.D.N.Y. Nov. 3, 2015).

[4] The effect of these appeals on other cases in the MDL is subject to the "Joint Memorialization" process set forth in the Pretrial Scheduling Order. The FDIC-R seeks an earlier decision because it has a pending case in England and the Court's decision on this issue will affect the litigation in that case. *See* ECF No. 3439 (explaining bases for the FDIC-R's pre-motion letter).

orders that resulted in dismissal of the FDIC-R's Claims. The basis for the reversals is common to all claims alleging a suppression conspiracy in this MDL, including the FDIC-R's Claims. The FDIC-R filed in this District and relies on the same "overt acts taken in the United States to advance the suppression conspiracy," *Schwab II,* 22 F. 4th at 125, that formed the basis for reinstatement of antitrust claims in *Schwab II* and state law fraud and conspiracy claims in *Berkshire*. Those decisions are binding on courts in this Circuit and should similarly result in reinstatement of the FDIC-R's Claims against the Seven Panel Banks. *Abrue v. United States*, No. 16-cv-5052, 2020 WL 4570338, at *4 (S.D.N.Y. Aug. 7, 2020) (a district court is not "'at liberty to disregard [or] contradict a Second Circuit ruling squarely on point merely because it was rendered in a summary order.'" (citing 2d Cir. R. 32.1.1(a) and quoting *United States v. Tejeda*, 824 F. Supp. 2d 473, 475 (S.D.N.Y. 2010)).

The Seven Panel Banks have never expressed any substantive basis to oppose reinstatement of the FDIC-R's Claims against them. They argue only that the FDIC-R did not fully explain "why 'reinstatement' is appropriate" and "which claims or theories the FDIC now considers 'viable.'"[5] ECF No. 3441. That is disingenuous. The FDIC-R initiated discussions months ago, answered those questions, and attempted to reach an informal resolution that would relieve this Court from having to decide this straightforward matter.

The Court has statutory and inherent authority to revise its pretrial rulings "at any time" before the entry of a final judgment. Fed. R. Civ. P. 54(b); *see also e.g., In re United States*, 733 F.2d 10, 13 (2d Cir. 1984) (district courts may modify pretrial rulings and interlocutory orders at any time prior to final judgment); *Dietz v. Bouldin*, 579 U.S. 40, 46 (2016) (noting a district court's inherent authority to "manage [its] docket ... with a view toward the efficient and expedient resolution of cases"). Reconsideration is appropriate where, as here, "an intervening decision from the Second Circuit has 'called into question the validity of some substantive aspects of [a district court's order],'" *Meachem v. United States*, 18-Civ-5097 (PGG), 2020 WL 5646088, at *4 (S.D.N.Y. Sept. 20, 2020) (citing *Counts v. Portuondo*, No. 97CIV.3305LTSDFE, 2003 WL 139278, at *1 (S.D.N.Y. Jan. 17, 2003) ("an intervening change in the law requires reconsideration")). Reinstating the FDIC-R's Claims would be fair and "consistent with this Court's practice of addressing legal issues across complaints" by putting the FDIC-R on an equal footing with other plaintiffs in this MDL who were parties to *Schwab II* and *Berkshire*. ECF No. 1461 (directing Defendants to address sufficiency of antitrust claims alleged by plaintiffs, including the FDIC-R, who were not parties in response to *Gelboim* even though those plaintiffs were not appellants).

Accordingly, the FDIC-R respectfully asks for reinstatement of the FDIC-R's Claims against the Seven Panel Banks.

---

[5] The Seven Panel Banks were responding to a pre-motion letter filed by the FDIC-R on July 18, 2022, in which the FDIC-R requested the same relief. *See* ECF No. 3439.

The Honorable Naomi Reice Buchwald
November 3, 2022
Page 4

      Respectfully submitted,

*/s/ James R. Martin*

James R. Martin
*Counsel for Federal Deposit Insurance Corporation as Receiver for 20 Closed Banks*

cc: All Counsel of Record via ECF